DAVID O. DUNBAR, for appellant.

CHAUNCEY M. MILLAR, for appellees.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

## Abstract of the Decision.

1. USURY, § 1*—*what constitutes.* On a bill to foreclose a mortgage where the mortgagor contended that the notes secured were given for usury, *held* that the evidence did not show that the mortgagee had any knowledge of the mortgagor's previous transactions with the firm of loan brokers who procured the loan, and that the transaction was not usurious.

2. USURY, § 15*—*when loan broker may charge commissions.* Evidence *held* to show that certain persons were not general agents of a lender of money, but were brokers engaged in loaning money, and that they were entitled to receive a commission from the borrower without rendering the transaction usurious.

---

## Anna Grossmann, Appellee, v. Frank Grossmann, Appellant.

### Gen. No. 17,969.  (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. WILLIAM FENIMORE COOPER, Judge, presiding. Heard in this court at the October term, 1911. Reversed and remanded. Opinion filed October 13, 1913.

## Statement of the Case.

Bill in chancery by Anna Grossmann against Frank Grossmann for separate maintenance.   From a decree directing the defendant to pay the complainant five dollars per week for her support, defendant appeals.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

MATTHEW J. HUSS and ROBERT R. MIX, for appellant.

No appearance for appellee.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

### Abstract of the Decision.

1. HUSBAND AND WIFE, § 267*—*what is necessary to support a decree on appeal.* To sustain a decree for separate maintenance, on appeal, the party in whose favor such decree is rendered must in some way preserve the evidence or the decree must find the specific facts proved on the hearing.

2. APPEAL AND ERROR, § 1269*—*what evidence will be presumed to have been heard.* There is no presumption on appeal that evidence not appearing in the record was heard in support of a decree.

3. APPEAL AND ERROR, § 855*—*when certificate of evidence is necessary.* A decree for separate maintenance, finding that "the allegations of the bill of complaint are true as therein stated," states only a conclusion and is not sufficient to supply the place of a certificate of evidence.

Esther Landau, Administratrix, Appellee, v. Chicago, Burlington & Quincy Railroad Company, Appellant.

### Gen. No. 17,983.

RAILROADS, § 584*—*what evidence shows contributory negligence.* Evidence *held* not to show that a person killed by a railroad train exercised reasonable care for his own safety.

Appeal from the Circuit Court of Cook county; the Hon. H. STERLING POMEROY, Judge, presiding. Heard in this court at the October term, 1911. Reversed and remanded. Opinion filed October 13, 1913. Rehearing denied October 27, 1913.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.